Peck, J.,
delivered the opinion of the court:
William P. Burroughs sets out in his petition that William A. Barstow was authorized by the United States, on or about the 30th day of September, 1861, to raise and equip a regiment of cavalry, and to appoint a board of inspectors to examine the horses purchased for the use of the regiment. That on or about the fifteenth of November following, the said Barstow, acting under his authority as aforesaid, appointed claimant as one of a board of inspectors for the inspection of the horses at a compensation of five dollars per day for his services, which services, it is alleged, were continued for one hundred and twenty-four days, and he asks a judgment for the sum of six hundred and twenty dollars.
This petition is not sustained by proper proof. The best evidence which the nature of the case admits of is not produced. There is no evidence to show that Barstow was authorized to employ the claimant as an inspector of horses, at the compensation claimed, or any other.
The letter to Captain Potter from Quartermaster General Meigs, giving the former instructions, states the opinion and *558 understanding of tbe transaction entertained by Mm, wbiebmay or may not have been correct, and is at best but secondary evidence. TMs letter does not show tliat Barstow bad authority to appoint any person to represent the government. The letter of the Secretary of War of October 28, 1861, approves the authority given by General Fremont, but does not state what that was.
No reason is furnished us by which we can excuse the party for not producing the best evidence. It is assumed by the claimant that Major Allen, a quartermaster at St. Louis, authorized Mr. Barstow to appoint inspectors, and that this was sufficient for the purpose. This authority, if it exists, is not properly in evidence.
Mr. Sloan deposes that some of the papers in the case intrusted to hini to make demand for payment of the claim at the proper department were lost, but he does not state that the authority from Major Allen was among them. This witness appends to his deposition as an exhibit what purports to be a copy of the authority from Major Allen to Mr. Barstow, certified by the latter to be a true copy; the witness does not say he ever saw the original, and only relies upon the statement of others for its authenticity. There is nothing to show why Major Allen is not made a witness, nor is the absence of the authority which it is imetended fie gave in any way accounted for.
The presumption is that evidence of matters like this is to be found among the records of the departments.
If the authority from Major Allen exists and was offered in evidence it might well be questioned whether that officer could empower Mr. Barstow to make the appointment of claimant as inspector and fix his compensation at discretion. We do not understand that a quartermaster can confer upon another a power of appointment, even though himself might make the appointment directly; that would be an exercise of authority which, so far as we are informed, the law has not conferred upon that officer.
Mr. Barstow, at the time of these transactions, had not been commissioned as an officer. Colonel Barstow informed Anson Bogers, one of the witnesses, that the contract in relation to the horses had been revoked; witness thinks that this was in February — the day is not given. From the 15th of November, *559 the clay claimant alleges he was appointed inspector, to February, would fall far short of one hundred and twenty-four days ; and there does not appear to have been any occasion for the services of claimant as inspector, by Barstow, after the contract for supplying- horses had been revoked. The claimant does not show any appointment as inspector by Barstow, nor is it certain when his services began or ended. The claimant alleges an express contract but does not prove one. He cannot-recover on a quantum meruit, since he does not prove the number of days he actually served nor what his services were worth.
The claimant was notified by the department at Washington that his claim would not be paid; among other reasons given was because it did not appear that Major Allen had given any authority to appoint inspectors; claimant ivas forewarned in that regard, and the importance of the testimony made apparent to him 5 if he does not now produce it, it is probable he cannot.
Depositions in the record show, that Major Allen paid other persons situated as this claimant is, and admitted that Barstow had the authority to do what it is assumed he did; that all may be, but such evidence is not conclusive here and is open to too many doubts to produce conviction upon our minds. Major Allen doubtless acted upon his own ideas of authority and propriety; we impute no blame to him in the premises, and only intend to say that we do not understand he had authority to delegate any power to Mr. Barstow. Major Allen has probably received the approval of his superiors for his action, whatever it may have been, which was all the concern he had in the matter.
The petition is dismissed.